OPINION
{¶ 1} Derrick Alan Armstrong appeals from his conviction and sentence for Possession of Crack Cocaine and Having a Weapon While Under Disability, following a no-contest plea. Armstrong contends that the affidavit of Detective Douglas Hall did not support a finding of probable cause required for the issuance of a search warrant in this case. Armstrong contends that Detective Hall falsely stated in his affidavit that he observed a confidential informant stand in front of the door of 36 Harper Avenue on February 12 and 17 when the drug sales occurred. Armstrong contends that absent this false information in the affidavit, probable cause did not exist to issue a search warrant.
 {¶ 2} Based on Detective Hall's affidavit, even absent his averment that he personally observed the informant standing at the front door of 36 Harper Avenue for about one minute, we conclude that the judge had a substantial basis for finding that probable cause existed for the search warrant.
 {¶ 3} Armstrong contends that he was denied effective assistance of counsel, because his defense counsel failed to obtain telephone records that would have indicated that he was not on the premises of 36 Harper Avenue on February 12 and 17 during the drug sales.
 {¶ 4} We conclude that Armstrong has failed to show that his defense counsel was ineffective in failing to obtain the phone records. The issue of obtaining the phone records is irrelevant to the issue of probable cause to issue a search warrant, unless Armstrong can demonstrate that Detective Hall knew his affidavit was false, which Armstrong has failed to do.
 {¶ 5} Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 6} On February 19, 2003, a trial judge found probable cause, based upon the affidavit of Detective Douglas Hall of the Dayton Police Department, to issue a search warrant upon Derrick Armstrong at 36 Harper Avenue in Dayton. In his affidavit, Detective Hall averred, in pertinent part, as follows:
 {¶ 7} "B. On or about February 12, 2003 Detective Mark Stapleton and I took a confidential and reliable informant to 36 Harper Av. Dayton, Ohio 45410 for the purpose of attempting a controlled buy of illegal drugs. This informant has in the past given information, which has been proven to be true and accurate through independent investigation and has resulted in the issuance of search warrants, the recovery of illegal drugs, money, and weapons. Prior to the buy the informant was searched for drugs and money and none were found. The informant was then given a quantity of money from the Dayton Police Department. The informant exited our vehicle and walked directly to the front door of 36 Harper Av. and stood at the front door for about one minute. The informant then walked directly back to our vehicle and he/she handed me a quantity of crack cocaine. The informant stated he/she purchased it from 36 Harper Av., from Suspect #1 who is listed in Paragraph III (A), 1, of the Search Warrant [Derrick A. Armstrong]. The informant was then again searched for drugs and money and none were found.
 {¶ 8} "C. The crack cocaine recovered from the informant had the same color and consistency as crack cocaine I have recovered in the past as a Police Officer and Detective, during other drug investigations, which after having been submitted to the crime lab for analysis was proven to be crack cocaine. I field tested the crack with cobalt reagent and it tested positive. I marked, tagged, and placed the crack into the Dayton Police Property Room as evidence along with a request for laboratory analysis.
 {¶ 9} "D. On or about February 17, 2003 Detectives August, Braun, and I directed the same confidential and reliable informant to 36 Harper Av. for the purpose of attempting a controlled buy of illegal drugs. The informant was searched for drugs and money prior to the buy and none were found. The informant was then given a quantity of money from the Dayton Police Department. The informant exited our vehicle and walked directly to the front door of 36 Harper Av. The informant stood at the front door for approximately one minute. The informant then walked directly back to our vehicle and he/she handed me a quantity of crack cocaine. The informant stated he/she purchased the crack from 36 Harper Av. from Suspect #1 who is listed in Paragraph III (A), 1, of the Search Warrant [Derrick A. Armstrong]. The informant was then again searched for drugs and money and none were found.
 {¶ 10} "E. The crack recovered from the informant had the same color and consistency as crack cocaine I have recovered in the past as a Police Officer and Detective, during other drug investigations, which after having been submitted to the crime lab for analysis was proven to be crack cocaine. I field tested the crack cocaine with cobalt reagent and it tested positive. I marked, tagged, and placed the crack cocaine into the Dayton Police Property Room as evidence along with a laboratory request for analysis."
 {¶ 11} Armstrong was subsequently arrested and indicted on one count of Possession of Cocaine and one count of Possession of Crack Cocaine, in an amount greater than twenty-five grams but less than one hundred grams, in violation of R.C. 2925.11(A), one count of Possession of Criminal Tools, in violation of R.C. 2923.24(A), and one count of Having a Weapon While Under Disability, in violation of R.C. 2923.13(A)(3). Armstrong filed a motion to suppress. After a hearing, the trial court overruled Armstrong's motion to suppress, finding that the judge who issued the search warrant made a common-sense determination, based on the submitted affidavit of Detective Hall, that there was a fair probability that contraband would be found at 36 Harper Avenue.
 {¶ 12} Armstrong then filed a motion, based on Franks v. Delaware,438 U.S. 154, challenging the affidavit of Detective Hall as containing false statements, thereby invalidating the search warrant that was issued. Armstrong alleged that Detective Hall's affidavit contained false statements involving his observance of the confidential informant at 36 Harper Avenue on February 12 and 17. The trial court overruled Armstrong's motion, without a hearing, finding that Armstrong failed to meet his burden, as established by Franks, supra. The trial court found that Armstrong failed to provide evidentiary support showing that Detective Hall's affidavit contained false statements of his ability to observe the confidential informant and failed to demonstrate that removal of these statements would eliminate the probable cause necessary for a search warrant to be issued.
 {¶ 13} Armstrong then pled no contest to one count of Possession of Crack Cocaine and one count of Having a Weapon While Under Disability. The remaining counts were dismissed. Armstrong had filed a second motion challenging the affidavit of Detective Hall, based on Franks v.Delaware, 438 U.S. 154. At Armstrong's plea hearing, the trial court stated that Armstrong would be allowed to withdraw his plea of no contest if the trial court found merit in his Franks v. Delaware motion.
 {¶ 14} In his motion, Armstrong alleged that Detective Hall's affidavit contained false statements involving Armstrong's presence at the house on Harper Avenue on February 12 and 17 when the drug sales occurred. Armstrong's affidavit was attached to the motion, in which he averred that he was not on the premises of 36 Harper Avenue on the 12th
or 17th of February when the drug sales occurred and that several calls from his cellular phone would show that he was not on the premises. Armstrong also attached the affidavit of Coreta Culpepper, Armstrong's girlfriend, in which she averred that she was on the premises of 36 Harper Avenue on the 12th and 17th of February and that Armstrong was not. Culpepper averred that on both days she called Armstrong, which could be corroborated by telephone records to demonstrate that he was not on the premises.
 {¶ 15} The trial court concluded that an evidentiary hearing was warranted under Franks, supra, but overruled Armstrong's motion after a hearing was held. The trial court sentenced Armstrong to a five-year prison term on the Possession of Crack Cocaine conviction and a ten-month term for the Having a Weapon While Under Disability conviction, to be served concurrently. The trial court also ordered Armstrong to pay a $10,000 fine and suspended his driver's license for five years. From his conviction and sentence, Armstrong appeals.
 II {¶ 16} Armstrong's First Assignment of Error is as follows:
 {¶ 17} "The police detective's affidavit was insufficient to establish the requisite probable cause necessary to obtain a search warrant[.]"
 {¶ 18} Armstrong contends that Detective Hall's affidavit did not contain sufficient probable cause to support the issuance of a search warrant.
 {¶ 19} The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation * * *." In determining whether probable cause exists to issue a search warrant based upon an affidavit submitted in support of a search warrant, "`[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. George (1989),45 Ohio St.3d 325, 329, 544 N.E.2d 640, citing Illinois v. Gates (1983),462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527.
 {¶ 20} "[R]eviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." George,45 Ohio St.3d at 330, internal citations omitted. "`[T]he duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for * * * conclud[ing]' that probable cause existed.'" Id. at 329, citing Illinois, 462 U.S. at 238-239.
 {¶ 21} In Franks v. Delaware, 438 U.S. 154, 155, 98 S.Ct. 2674,57 L.Ed.2d 667, the United States Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."
 {¶ 22} Armstrong contends that Detective Hall falsely stated in his affidavit that he observed the confidential informant stand in front of the door of 36 Harper Avenue on February 12 and 17, because it would be impossible to see the front door from where Detective Hall was parked at that time. Armstrong contends that absent this false information in the affidavit, probable cause did not exist to issue a search warrant.
 {¶ 23} In his affidavit, Detective Hall averred that on February 12, after searching the confidential informant for drugs and money and then giving the informant a quantity of money, the informant "walked directly to the front door of 36 Harper Av. and stood at the front door for about one minute." Detective Hall also averred that on February 17, after searching the confidential informant for drugs and money, and after then giving the informant a quantity of money, the informant "walked directly to the front door of 36 Harper Av. [and] * * * stood at the front door for approximately one minute."
 {¶ 24} At the hearing on Armstrong's Franks v. Delaware motion, Armstrong testified that Detective Hall could not have seen the front door to 36 Harper Avenue from his parking spot near the intersection of Dover Street and Harper Avenue, due to an adjacent building. Photographs attached to Armstrong's Franks v. Delaware motion depict two adjacent apartment complexes, one including 36 Harper Avenue, with stairs going up between them leading to several side entrances on each complex. From the photographs, it appears that one could not see the front door to 36 Harper Avenue unless one was stationed between the two houses, and that the front door would not be visible a couple of houses down, near Dover Street.
 {¶ 25} In his affidavit, Detective Hall did not state where he was when the confidential informant was at the front door of 36 Harper Avenue. However, at the suppression hearing, Detective Hall testified that he was "parked on Harper Avenue closer to Dover Street" when the confidential informant was at 36 Harper Avenue on February 12.
 {¶ 26} The photographs do demonstrate that Detective Hall could not have viewed the front door of 36 Harper Avenue from a location near the intersection of Harper Avenue and Dover Street. However, even without Detective Hall's averment that the informant stood at the front door of 36 Harper Avenue for about one minute, probable cause for the search warrant still existed, based on the remaining averments in Detective Hall's affidavit.
 {¶ 27} Detective Hall averred that prior to the drug buy on February 12 and 17, the confidential informant was searched for drugs and money and none were found. Detective Hall averred that after the informant was given money, the informant exited the vehicle and approached 36 Harper Avenue. Although Detective Hall may not have been able to see the informant standing at the front door of 36 Harper Avenue, he could have seen the informant walk up to 36 Harper Avenue and remain in the vicinity for about one minute, as he averred. After going to 36 Harper Avenue, the informant returned with crack cocaine. The informant was searched again, and no money or drugs were found. The informant immediately identified Armstrong from a photograph as the seller of the drugs. The informant also had a track record of giving past information that proved to be true and accurate and resulted in the issuance of search warrants and the recovery of drugs, money, and weapons.
 {¶ 28} Based on Detective Hall's affidavit, even without his averment that the informant stood at the front door of 36 Harper Avenue for about one minute, we conclude that the judge had a substantial basis for concluding that probable cause existed for the search warrant.
 {¶ 29} Armstrong also contends that Detective Hall did not actually see Armstrong at either alleged drug buy on February 12 or 17, and that Armstrong's phone records would prove that he was not on the premises at those times.
 {¶ 30} Detective Hall never averred that he did see Armstrong on the premises of 36 Harper Avenue on February 12 and 17. He averred that the confidential informant identified Armstrong as the seller of the drugs on those dates at 36 Harper Avenue. Therefore, we conclude that Armstrong has failed to show that Detective Hall knowingly made a false statement in his affidavit in this regard.
 {¶ 31} We note that Armstrong is confusing the issue of probable cause with proof of guilt. Perhaps Armstrong could satisfy the finder of fact, at trial, that the confidential informant was mistaken in identifying him, but that does not vitiate probable cause for the issuance of a search warrant in this case.
 {¶ 32} Armstrong's First Assignment of Error is overruled.
 III {¶ 33} Armstrong's Second Assignment of Error is as follows:
 {¶ 34} "Appellant received ineffective assistance of counsel from his trial attorney[.]"
 {¶ 35} Armstrong contends that he was denied effective assistance of counsel because his defense counsel failed to obtain telephone records that would have indicated that he was not on the premises of 36 Harper Avenue when the drug sales occurred on February 12 and 17.
 {¶ 36} We evaluate claims of ineffective assistance of counsel under the two-part test provided in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different." State v. Stevens, Montgomery App. No. 19572, 2003-Ohio-6249, at ¶ 33, citing Strickland, supra; State v.Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373.
 {¶ 37} In his affidavit, Armstrong averred that he was not on the premises of 36 Harper Avenue on the 12th or 17th of February when the drug sales occurred and that several calls from his cellular phone would show that he was not on the premises. In the affidavit of Coreta Culpepper, Armstrong's girlfriend, Culpepper averred that she was on the premises of 36 Harper Avenue on the 12th and 17th of February and that Armstrong was not. Culpepper averred that on both days she called Armstrong, which could be corroborated by telephone records to demonstrate that he was not on the premises. Armstrong and Culpepper also testified to the same at the hearing before the trial court. Armstrong's defense counsel issued a subpoena to obtain the records, but was not able to obtain the phone records, because the phone companies failed to comply with the subpoena.
 {¶ 38} Armstrong contends that the phone records would show that he was not on the premises of 36 Harper Avenue when the drug sales occurred on February 12 and 17, thereby "vindicat[ing] him," and therefore, his defense counsel was ineffective in failing to obtain the phone records.
 {¶ 39} We find the issue of failing to obtain the phone records irrelevant to the issue of probable cause for the search warrant, unless Armstrong can demonstrate that Detective Hall knew his affidavit was false. Armstrong contends that although Detective Hall averred that the confidential informant purchased drugs from Armstrong on February 12 and 17, Detective Hall did not actually see Armstrong on the premises of 36 Harper Avenue when the drug sales occurred. Detective Hall never averred that he did see Armstrong on the premises of 36 Harper Avenue on February 12 and 17. He averred that the confidential informant identified Armstrong as the seller of the drugs on those dates at 36 Harper Avenue. Again, Armstrong is confusing the issue of probable cause with proof of guilt. Perhaps Armstrong could satisfy the finder of fact, at trial, that his phone records show that he was not on the premises at the time and that the confidential informant was mistaken in identifying him, but that does not vitiate probable cause for the issuance of a search warrant in this case.
 {¶ 40} We find that even if the issue of failure to obtain the phone records were relevant, we cannot presume, on direct appeal, that they would support Armstrong's claim that he was not on the premises of 36 Harper Avenue during the drug sales. Perhaps the phone records would show that Armstrong was there. The phone records might not be probative of anything, since they would, at most, establish that Armstrong's cell phone was not there, not that he was not there.
 {¶ 41} We conclude that Armstrong has failed to show either deficient performance by defense counsel, or prejudice in defense counsel's failure to obtain the phone records. Therefore, we conclude that Armstrong has failed to demonstrate that his defense counsel was ineffective in failing to obtain the phone records.
 {¶ 42} Armstrong's Second Assignment of Error is overruled.
 IV {¶ 43} Both of Armstrong's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Donovan, JJ., concur.